IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF TENNESSEE, LEAGUE OF WOMEN VOTERS OF TENNESSEE EDUCATION FUND, AMERICAN MUSLIM ADVISORY COUNCIL, MID-SOUTH PEACE & JUSTICE CENTER, ROCK THE VOTE, and SPREAD THE VOTE, <br><br> Plaintiffs, <br><br> v. <br><br> TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, HERBERT SLATERY III, in his official Capacity as Attorney General of the State of Tennessee, the STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, GREG DUCKETT, MIKE MCDONALD, JIMMY WALLACE, TOM WHEELER, and KENT YOUNCE, in their official capacities as members of the State Election Commission, <br><br> Defendants. | Case No. 3:19-CV-385 <br> Judge Aleta A. Trauger |

## AMENDED MOTION TO DISMISS[1]

---

[1] The undersigned mistakenly submitted a copy of the motion to dismiss and memorandum of law in support of the motion to dismiss from *N.A.A.C.P. v. Hargett*, No. 3:19-cv-00365, instead of the motion to dismiss for the above-captioned case. This amended motion is being filed to substitute for the previous mistakenly-filed motion.

1

The Attorney General, on behalf of the above-captioned defendants, in their official capacities only, moves this Court to dismiss Plaintiffs' Complaint (DE 1) pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiffs challenge certain provisions of Public Chapter 250 (the "Act") on grounds that the Act allegedly violates the First and Fourteenth Amendments to the United States Constitution.

As set forth below and in the accompanying memorandum of law, dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(1) as this Court lacks subject matter jurisdiction over Plaintiffs' claims:

1. The Act has yet to take effect, nor is there an imminent threat of enforcement of the Act by Defendants. Further, Plaintiffs have not alleged that they intend to violate the Act nor have they alleged that violation is inevitable. Absent such allegations giving rise to an injury-in-fact, Plaintiffs' claims lack standing and the case is non-justiciable. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998).

2. Plaintiffs' claims are based upon contingent future events that may never occur. Rulemaking to determine enforcement of the Act has not yet occurred, nor have Defendants indicated how they will utilize their discretion on the subject of enforcement. Plaintiffs fail to allege that they will perform an act giving rise to enforcement. As these events are speculative and uncertain, Plaintiffs' claims are not ripe for review. *See, e.g., Texas v. United States*, 523 U.S. 296, 300 (1998).

Dismissal is also appropriate under Fed. R. Civ. P. 12(b)(6) as Plaintiffs' claims fail as a matter of law:

1. The Act does not violate freedom of speech or freedom of association. It merely requires that voter registration is done properly and in a way that minimizes the risk of disenfranchisement, which is constitutionally permissible. *See Anderson v. Celebrezze*, 460 U.S. 780, 788-90 (1983).

2. The disclaimer required by the act is commercial speech and not opinion speech. The rational-basis test applies rather than strict scrutiny. *Discount Tobacco City & Lottery, Inc. v. U.S.* 674 F.3d 509, 544 (6th Cir. 2012). That the disclosure is designed to ensure that Tennessee citizens are not disenfranchised by mistakenly believing that a third-party voter registration organization is synonymous with the election commission or secretary of state is rational enough to survive constitutional scrutiny. *See, e.g., TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 790 (6th Cir. 2005).

3. The Act is not substantially overbroad because it does not prohibit a substantial amount of protected speech or association. The Act's goals of ensuring proper voter registration and minimizing the risk of accidental disenfranchisement is plainly legitimate and the Act is thus constitutional. *See, e.g., Carey v. Wolnitzek*, 614 F.3d 189, 208 (6th Cir. 2010).

4. The Act is not constitutionally vague. The language used by the Act is neither complex nor confusing, and hypotheticals that unfairly isolate terms are insufficient. As the Act does not fail "to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," it is constitutionally satisfactory. *See, e.g., Johnson v. United States*, 135 S.Ct. 2551, 2566 (2015).

5. Plaintiffs lack standing to argue deprivation of the right to vote as they are organizations, not citizens. *See, e.g., Johnson v. Bredesen*, No. 3:07-0372, 2007 WL 1387330 at * 1 (M.D. Tenn. May 8, 2007).

For these reasons, as explained in greater detail by the accompanying memorandum of law in support of this motion, Plaintiffs' Complaint should be dismissed.

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

JANET M. KLEINFELTER
Deputy Attorney General

/s/Alexander S. Rieger
ALEXANDER S. RIEGER
KELLEY. L. GROOVER
Assistant Attorneys General
Public Interest Division
War Memorial Bldg, 3rd Floor
P.O. Box 20207
Nashville, TN 37202
(615) 741-2408
alex.rieger@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing documents have been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

Sophia Lin Lakin
Theresa J. Lee
Dale E. Ho
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004

Sarah Brannon
David Rosborough
American Civil Liberties Union Foundation
915 15th Street, 6th Floor
Washington, DC 20005

Thomas H. Castelli
Mandy Floyd
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212

Danielle Lang
Urja Mittal
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

William H. Harbison
C. Dewey Branstetter
Hunter C. Branstetter
Sherrard Roe Voight & Harbison
150 3rd Avenue South, Suite 1100
Nashville, TN 37301

Michelle Kanter Cohen
Jon Sherman
Fair Elections Center
1825 K Street NW, Suite 450
Washington, DC 20006

5

Case 3:19-cv-00385   Document 35   Filed 06/07/19   Page 5 of 6 PageID #: 188

on this 7th day of June, 2019.

                                                                                              /s/Alexander S. Rieger
                                                                                              ALEXANDER S. RIEGER
                                                                                              Assistant Attorney General