IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **LEAGUE OF WOMEN VOTERS OF TENNESSEE, LEAGUE OF WOMEN VOTERS OF TENNESSEE EDUCATION FUND, AMERICAN MUSLIM ADVISORY COUNCIL, MID-SOUTH PEACE & JUSTICE CENTER, MEMPHIS CENTRAL LABOR COUNCIL, ROCK THE VOTE, and HEADCOUNT** | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **Case No. 3:19-CV-385** <br> **Judge Aleta A. Trauger** |
| v. | ) ) | |
| **TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, HERBERT SLATERY III, in his official Capacity as Attorney General of the State of Tennessee, the STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, GREG DUCKETT, MIKE MCDONALD, JIMMY WALLACE, TOM WHEELER, and KENT YOUNCE, in their official capacities as members of the State Election Commission,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### REPLY IN SUPPORT OF THE MOTION TO DISMISS AMENDED COMPLAINT

Plaintiffs attempt to excuse their failure to demonstrate standing and ripeness by arguing that the Act will chill constitutional conduct. But they have failed to demonstrate "a course of conduct arguably affected with constitutional interest." *Babbitt v. United Farm Workers Nat'l*

1

*Union*, 442 U.S. 289, 298 (1979). While they allege that the activities they claim are chilled by the Act invoke First Amendment concerns, none are actually present here. Plaintiffs assert that the Act burdens their ability to conduct voter registration drives and communicate with the public about voter registration—which will allegedly hamper the overall level of voter registration activity. (DE 44, p. 5).

But none of that is actually curtailed by the Act—nor does it implicate First Amendment concerns. The Act does not prohibit or burden political speech or association—because collecting a form and forwarding it to the proper officials is neither speech nor association. The Act permits Tennessee citizens to band together, register to vote, and vote on issues important to them the same way as before the Act. It merely requires that voter registration organizations undergo training and ensure that they obey Tennessee law when they collect voter registration forms for submission.

When a person or group accepts a registration form from an individual, they become the middle-man to make sure that the application is turned in to the appropriate election official to be processed so the applicant can vote. The consequences of failing to do so properly are dire. Voter registration organizations that mail forms late may disenfranchise voters. As may registration drives that do not follow the rules that are required of any Tennessee citizen. The Act requires training and penalizes organizations that repeatedly fail to comply with rules designed to ensure that voter registration is done properly.

Because the Act does not chill conduct protected by the First Amendment, Plaintiffs cannot escape the requirement that they must demonstrate an impending injury in fact. The Amendment Complaint should be dismissed due to lack of standing and ripeness.

Plaintiffs also fail to demonstrate *Meyer*'s applicability to the facts at hand. Plaintiffs argue that *Meyer* controls here and strain to conform their conduct to the conduct protected in *Meyer*—

"the right to seek by petition to achieve political change" and the "right freely to engage in discussions concerning the need for that change." (DE 44, p. 11) (citing *Meyer v. Grant*, 486 U.S. 414, 421 (1988). The Act is not a barrier to political change, nor does it quash discussions about the need for political change. In *Meyer*, the unconstitutional restrictions significantly inhibited communications regarding political change—the Act does not prevent Tennessee citizens or Tennessee organizations from discussing, associating, and advocating for political beliefs they hold. *Meyer* is inapposite and Plaintiffs are wrong to seek to subject the Act to strict scrutiny.

With regard to the disclaimer requirement of the Act, Plaintiffs do not even address the relevant Sixth Circuit standard as set forth in *Discount Tobacco City & Lottery, Inc. v, U.S.*, 674 F.3d 509, 554 (6th Cir. 2012). *Discount Tobacco* holds that factual and accurate disclosures require rational-basis review under *Zauderer*. 674 F.3d at 559. The disclaimer required is factual and accurate (that voter registration communications are not affiliated with the State of Tennessee) and ensures that a voter is informed that the only guaranteed way to ensure that they are properly registered to vote is to inquire with the appropriate State officials.

Plaintiffs' asserted grievance that the Act will result in forcing them "'to communicate fewer civic and nonpartisan political messages and to refrain from engaging in associational activity important to advancing their missions and beliefs,' thus providing the public with 'less information about how to participate in the democratic process,' with 'fewer options to register to vote,' and 'fewer opportunities to associate with Plaintiffs in meaningful civic activities'" is hyperbole at best. (DE 44, p. 17). Nowhere in the Act does it state that Plaintiffs cannot conduct voter registration drives or provide the same information to voters as they did before. The Act simply requires training and sets safeguards in place to ensure that voter registration drives correctly process completed forms and disclose information to voters to protect the right to vote.

3

Finally, Plaintiffs use their new plaintiff, MCLC, to argue that it has standing to protect its members' fundamental right to vote. The problem Plaintiffs do not address is that the relief they seek will not "inure to the benefit of those members of the association actually injured" because the Act does not implicate each member's right to vote. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). The Act does not prevent MCLC's members from registering to vote. Nor does the Act prevent them from voting or associating for political purposes. The relief sought by Plaintiffs has nothing to do with the constitutional rights enjoyed by MCLC's members because the Act does not reach past the voter registration organizations to individual citizens. Accordingly, MCLC, like the rest of Plaintiffs, does not have standing to assert claims regarding a fundamental right it does not possess.

## CONCLUSION

For the reasons set out here and in the Motion to Dismiss, Plaintiffs' Amended Complaint should be dismissed.

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

JANET M. KLEINFELTER
Deputy Attorney General

/s/Alexander S. Rieger
ALEXANDER S. RIEGER
KELLEY. L. GROOVER
Assistant Attorneys General
Public Interest Division
War Memorial Bldg, 3rd Floor
P.O. Box 20207
Nashville, TN 37202
(615) 741-2408
alex.rieger@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing documents have been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

Sophia Lin Lakin
Theresa J. Lee
Dale E. Ho
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004

Sarah Brannon
David Rosborough
American Civil Liberties Union Foundation
915 15th Street, 6th Floor
Washington, DC 20005

Thomas H. Castelli
Mandy Floyd
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212

Danielle Lang
Urja Mittal
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

William H. Harbison
C. Dewey Branstetter
Hunter C. Branstetter
Sherrard Roe Voight & Harbison
150 3rd Avenue South, Suite 1100
Nashville, TN 37301

Michelle Kanter Cohen
Jon Sherman
Fair Elections Center
1825 K Street NW, Suite 450
Washington, DC 20006

on this 26th day of July, 2019.

    /s/Alexander S. Rieger
    ALEXANDER S. RIEGER
    Assistant Attorney General