IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEAGUE OF WOMEN VOTERS OF TENNESSEE, *et al.*,

    *Plaintiffs*,

v.

TRE HARGETT, *et al.*,

    *Defendants*.

Civil No. 3:19-cv-385
Hon. Aleta A. Trauger

## JOINT INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION: Plaintiffs submit that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1357. Defendants contest subject-matter jurisdiction on justiciability and standing grounds.

B.     BRIEF THEORIES OF THE PARTIES:

1. PLAINTIFFS LEAGUE OF WOMEN VOTERS OF TENNESSEE, LEAGUE OF WOMEN VOTERS OF TENNESSEE EDUCATION FUND, AMERICAN MUSLIM ADVISORY COUNCIL, MID-SOUTH PEACE & JUSTIC CENTER, MEMPHIS CENTRAL LABOR COUNCIL, ROCK THE VOTE, and HEADCOUNT:

Plaintiffs allege that the provisions of Tennessee Code Annotated §§ 2-2-142(a)-(b), (e)-(g), 2-2-143, and 2-19-145, individually and cumulatively, violate Plaintiffs' First Amendment rights to free speech and association, are overbroad in violation of the First Amendment, are vague in violation of the Fourteenth Amendment Due Process Clause, and violate Plaintiffs' First and Fourteenth Amendment rights in connection with the fundamental right to vote.

2. DEFENDANTS TRE HARGETT, in his official capacity as Secretary of State of the State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee, HERBERT H. SLATERY III, in his official capacity as Attorney General of the State of Tennessee, the STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, GREG

1

DUCKETT, MIKE MCDONALD, JIMMY WALLACE, TOM WHEELER, and KENT YOUNCE, in their official capacities as members of the State Election Commission.

For the reasons previously submitted to the Court, Defendants deny the justiciability of the asserted claims, deny Plaintiffs' standing to assert the claims presented, and deny that Tenn. Code Ann. §§ 2-2-142, 2-2-143, and 2-19-145 violate Plaintiffs' the First and Fourteenth Amendment rights.

C. ISSUES RESOLVED: Personal jurisdiction; venue, and to the extent that the Court has subject matter jurisdiction, the Court's authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, in addition to its authority under the Civil Rights Act and its inherent equitable powers.

D. ISSUES STILL IN DISPUTE: Whether the Court has subject matter jurisdiction, the Plaintiffs have standing, the justiciability of the case, and the constitutionality of the provisions of the Tennessee Code Annotated §§ 2-2-142, 2-2-143, and 2-19-145 remain in dispute.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before November 18, 2019.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before April 20, 2020. Discovery is not stayed during dispositive motions, unless ordered by the Court. Absent leave of Court or agreement of the parties, all written discovery requests (excluding Requests for Admission) shall be served no later than March 1, 2020. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith

and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend the complaints on or before December 4, 2019.

H. DISCLOSURE OF EXPERTS: Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before June 4, 2020. Defendants shall identify and disclose all expert witnesses and reports on or before June 25, 2020. Plaintiffs shall file all rebuttal expert reports on or before July 16, 2020.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before August 17, 2020.

J. JOINT MEDIATION REPORT: If necessary, the parties shall file a joint mediation report on or before July 1, 2020.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before September 22, 2020. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Opening briefs shall not exceed 40 pages. Reply briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.

L. ELECTRONIC DISCOVERY. The parties have exchanged a proposed protocol for electronic discovery, which currently is under review by IT support personnel. The parties anticipate that they will reach an agreement regarding electronic discovery after further

consultation with such personnel. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case.

M.     **ESTIMATED TRIAL TIME**: The parties expect the trial to last approximately 7 days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

/s/ Theresa J. Lee
Attorney for Plaintiffs League of Women Voters of Tennessee, League of Women Voters of Tennessee Education Fund, American Muslim Advisory Council, Mid-South Peace & Justice Center, Memphis Central Labor Council, Rock the Vote, and Headcount

/s/ Alexander S. Rieger
Attorney for Defendants